■ In the Matter of JOHN S. D'ALIMONTE, Petitioner, and GREGORY STAMM, Respondent, v EDWARD J. KURIANSKY, as Deputy Attorney-General of the State of New York, Appellant.—Mahoney, P. J. Appeal from an order of the Supreme Court (McDermott, J.), entered June 25, 1987 in Albany County, which, *inter alia,* granted petitioner Gregory Stamm's

motion pursuant to CPLR 2304 to quash a subpoena duces tecum.

Respondent, the Deputy Attorney-General for Medicaid Fraud Control, has been conducting Albany County Grand Jury investigations of Medicaid fraud. A target of the investigation is Professional Care, Inc. (hereinafter Professional), a Medicaid provider of home health care professionals. In 1985, respondent served subpoenas on, *inter alia,* petitioners, attorneys who represented Professional. The subpoenas sought recordings of an April 11, 1985 telephone conversation involving Professional employees and petitioner John S. D'Alimonte, among others. Petitioners moved to quash these subpoenas and Supreme Court granted the motion because the conversation was conditionally immune from disclosure as preparation for anticipated litigation. Respondent did not appeal from the order entered thereon.

In 1986, respondent commenced a second Albany County Grand Jury investigation involving Professional. Respondent again served subpoenas on petitioners seeking the April 11, 1985 telephone conversation recording. Petitioner Gregory Stamm was also served with an additional subpoena seeking payment records of Gregory Stamm & Associates (hereinafter Associates), an accounting firm which, according to Stamm's affidavit, was hired to aid Stamm to evaluate a dispute Professional had with Medicaid over its business practices. Petitioners moved to quash the subpoenas on attorney-client privilege, attorney work product and relevancy grounds. Petitioners also claimed that the earlier Supreme Court order quashing the subpoenas constituted the law of the case. Respondent opposed these grounds. Supreme Court granted the motion, holding that the prior order barred compliance with the new subpoenas. Respondent appeals from the order entered thereon but, because the telephone recordings apparently have been produced, has limited his appeal to the production of Associates' payment records by Stamm.

Supreme Court improperly relied on the earlier order in applying the law of the case doctrine to quash the subpoena seeking Associates' payment records. The earlier order quashed only subpoenas to produce telephone recordings and did not address the production of Associates' payment records. Thus, the issues on this motion are not the same as on the prior motion, thereby precluding application of the law of the case doctrine *(see, Kramer & Sons v Facilities Dev. Corp.,* 135 AD2d 942, 943) and requiring us to consider the merits of the

motion to quash the subpoena seeking Associates' payment records.

The parties have devoted most of their efforts to the applicability of the attorney-client privilege and the attorney work product rule. We find it most difficult to address these issues because there is nothing in the record clearly defining or describing the payment records sought. We do not know what these records describe, to whom they refer or how and when they were created. Without such information, we cannot intelligently decide the applicability of the privilege and the rule.

It does appear to us that the subpoena, which requires production of *"[a]ny and all* payment records for all employees and independent contractors of the unincorporated business organization known as Gregory Stamm & Associates" (emphasis supplied), is overly broad *(see, Grotallio v Soft Drink Leasing Corp.,* 97 AD2d 383). There is no limitation as to time or client. Such a demand obviously encompasses materials beyond the scope of respondent's investigation of Professional and, as such, is unreasonable and overbroad *(cf., Matter of Grand Jury Subpoenas for Locals 17, 135, 257 & 608 [People],* 72 NY2d 307, 315-316). We cannot countenance a subpoena which seeks materials that clearly are irrelevant to the matter at hand *(see, Anheuser-Busch, Inc. v Abrams,* 71 NY2d 327, 331-332). Accordingly, we conclude that the subpoena should be quashed.

Order affirmed, without costs. Mahoney, P. J., Kane, Casey, Yesawich, Jr., and Mercure, JJ., concur.