(June 27, 1989)

■ ELIZABETH A. BAEKELAND, Appellant-Respondent, v FREDERICK BAEKELAND et al., Respondents-Appellants.—Order of the Supreme Court, New York County (Diane Lebedeff, J.), entered on or about July 29, 1988, which granted defendants-cross-appellants' motion to dismiss the first cause of action and denied defendant-cross-appellant Joan Baekeland's motion to dismiss the second cause of action as against her, unanimously modified, on the law, to the extent of granting defendant-cross-appellant Joan Baekeland's motion to dismiss the second cause of action as against her, and otherwise affirmed, without costs.

These cross appeals involve the rights of plaintiff-appellant Elizabeth Baekeland under a separation agreement which was incorporated into but not merged in a divorce decree with her former husband, defendant-cross-appellant Frederick Baekeland, M.D.

The first cause of action alleged that Dr. Baekeland and his second wife, defendant-cross-appellant Joan Baekeland, induced Dr. Baekeland's stepmother to execute a codicil to her will changing the named legatee of a substantial bequest to Joan Baekeland instead of Dr. Baekeland so that plaintiff's payments under the formula contained in the separation agreement would not be increased. The IAS court correctly held that no cause of action was stated, citing *Matter of Walker* (64 NY2d 354, 357). We agree that plaintiff had no legally protectable interest in proceeds from this expectancy.

The second cause of action alleges that Dr. Baekeland has falsely and fraudulently misstated his income in the affidavits required pursuant to the separation agreement by, *inter alia,* reporting a loss in his art business by compensating his wife, defendant-cross-appellant Joan Baekeland, and charging her expenses to the business. We are of the opinion that the second cause of action, as pleaded, does not state a cause of action against Joan Baekeland. She is not a party to the

separation agreement. Nor does the complaint charge her with fraud. Even if the alleged transfers to Joan Baekeland were proved to have been made, and without fair consideration, there is no allegation that Dr. Baekeland was rendered insolvent thereby or would be unable to pay any judgment plaintiff might obtain. *(See, Rush v Rush,* 19 AD2d 846; Debtor and Creditor Law § 276.) Concur—Murphy, P. J., Kassal, Wallach and Rubin, JJ.