■ LINDA C. VOGT, Appellant-Respondent, v JOHN D. WITMEYER et al., Respondents-Appellants, and JOHN ALBRIGHT, Respondent. [622 NYS2d 393] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly dismissed plaintiff's first cause of action; New York State does not recognize a cause of action for tortious interference with a prospective inheritance *(see, Hutchins v Hutchins,* 7 Hill 104, 109; *see also, Baekeland v Baekeland,* 151 AD2d 399). Plaintiff contends that defendants Witmeyer, Palumbo and Albright tortiously interfered with her rights as a beneficiary under the Eleanor A. Dinkey Revocable Living Trust (Trust) by participating in the amendment of the Trust and that, as a result, plaintiff is entitled to the equitable relief of having a constructive trust imposed on the trust funds. That contention is raised for the first time on appeal and we decline to reach it *(see, Stilo v County of Nassau,* 122 AD2d 41; *Pietropaoli Trucking v Nationwide Mut. Ins. Co.,* 100 AD2d 680; *Schoonmaker v State of New York,* 94 AD2d 741).

Plaintiff has not briefed the dismissal of her second cause of action, for prima facie tort, and her appeal from that dismissal is, therefore, deemed abandoned *(see, Ciesinski v Town of Aurora,* 202 AD2d 984).

The court properly dismissed plaintiff's third cause of action, based upon an alleged conspiracy by defendants Witmeyer, Palumbo and Albright to discredit plaintiff, thereby preventing her from receiving a distributive share of the Trust. There is no cause of action in New York for the substantive tort of conspiracy *(Smith v Fitzsimmons,* 180 AD2d 177, 180-181; *SRW Assocs. v Bellport Beach Prop. Owners,* 129 AD2d 328, 332-333; *Callahan v Callahan,* 127 AD2d 298, 300).

Likewise, plaintiff's fourth cause of action against defendants Nixon, Hargrave, Devans & Doyle (Nixon) and Chase Manhattan Bank, N.A. (Chase) for "authoriz[ing], ratif[ying] and condon[ing]" the tortious conduct of those defendants, was also properly dismissed. Because the first, second and third causes of action were properly dismissed, no wrongful conduct remains for which defendants Nixon or Chase may be held vicariously liable.

Plaintiff's fifth cause of action, based upon decedent's mistake of fact in amending the Trust, was also properly dismissed. A decedent's mistake of fact, as opposed to a decedent's lack of capacity, does not provide a basis for nullifying a trust amendment *(see, Clapp v Fullerton,* 34 NY 190, 196; *Matter of Arnold,* 200 Misc 909, 911-912, *affd* 282 App Div 670).

Finally, we conclude that the court did not abuse its discretion in denying an award to defendants Witmeyer, Nixon, Palumbo and Chase of costs and sanctions *(see,* 22 NYCRR 130-1.1; *Nolan & Co. v Daly,* 170 AD2d 320, 321; *Lewis v Stiles,* 158 AD2d 589, 590-591). (Appeals from Order of Supreme Court, Monroe County, Siragusa, J.—Dismiss Complaint.) Present—Denman, P. J., Green, Balio, Callahan and Boehm, JJ.