OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 Plaintiff had been designated as a one-fifth remainder beneficiary in an August 1986 amendment to a revocable trust created by the settlor six years earlier. Unbeknownst to plaintiff, the settlor executed a fourth amendment in December 1988, removing plaintiff as beneficiary, which remained in effect at the settlor’s death three years later. Plaintiff brought this action against the settlor’s trustee, her attorneys and one of the remainder beneficiaries for allegedly depriving her of her remainder interest in the trust, asserting separate causes of action based on theories of tortious interference with prospective inheritance, prima facie tort, conspiracy, ratification and mistake. Supreme Court dismissed all causes of action and the Appellate Division affirmed (212 AD2d 1013).
 

 Plaintiff seeks reinstatement of her cause of action grounded upon tortious interference with prospective inheritance. New York, however, has not recognized a right of action for tortious interference with prospective inheritance
 
 (see, Hutchins v Hutchins,
 
 7 Hill 104), and, in any event, such a cause of action would require that the interference be accomplished by some type of independently tortious conduct
 
 (see,
 
 Restatement [Second] of Torts § 774B). Except for purely conclusory assertions, plaintiff failed to plead any tortious acts by defendants causing the settlor to modify the trust.
 

 
 *1000
 
 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order affirmed, with costs, in a memorandum.