■ RENEE FRANCISCO et al., Respondents, v GENERAL MOTORS CORPORATION, Appellant, et al., Defendants. (Appeal No. 2.) [716 NYS2d 509] —Appeal from order insofar as it denied reargument unanimously dismissed (*see, Empire Ins. Co. v Food City*, 167 AD2d 983, 984) and order modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiffs commenced this action to recover damages for injuries sustained by Renee Francisco (plaintiff) when the vehicle she was driving suddenly accelerated and struck a tree. Plaintiffs served General Motors Corporation (defendant) with interrogatories and a notice for discovery and inspection of documents. After defendant responded, plaintiffs moved to compel further responses. By order dated June 19, 1998, Supreme Court (Nenno, J.) granted plaintiffs' motion in part, and neither plaintiffs nor defendant appealed from that order. In May 1999, plaintiffs again moved to compel defendant to provide further responses, specifically with respect to interrogatories numbered 2 through 5 and document requests numbered 1 through 5 and 17. By order dated August 5, 1999, Supreme Court (Cosgrove, J.) granted plaintiffs' motion in its entirety. Defendant moved for reargument and plaintiffs crossmoved for the same relief sought in their May 1999 motion. By order dated December 9, 1999, Justice Cosgrove denied defendant's motion and granted plaintiffs' cross motion. Defendant appeals from the August and December 1999 orders, and we now modify the December 1999 order.

Justice Cosgrove did not abuse his discretion in granting that part of plaintiffs' cross motion with respect to interrogatories numbered 2 through 5, which sought information from defendant concerning any complaints of unwanted acceleration. Defendant objected to those interrogatories on the ground that they were not time-limited, and further objected on the ground that they were overly broad, unduly burdensome, and would not lead to admissible evidence. Justice Nenno's order directed plaintiffs to specify a time period for the request. In their motion before Justice Cosgrove, plaintiffs specified a time period from 1964 to 1989. We reject defendant's contention that Justice Nenno's order required plaintiffs to make a further showing of relevancy for those requests.

Justice Cosgrove erred, however, in granting that part of the

cross motion with respect to requests for documents concerning open loop carburetors. Document requests numbered 1 through 5 and 17 sought information concerning open loop and closed loop carburetors. The vehicle operated by plaintiff was equipped with a closed loop carburetor, and defendant contended that documents concerning open loop carburetors were irrelevant. Justice Nenno directed defendant to comply fully with the request for documents concerning closed loop carburetors, but determined that plaintiffs had not met their burden of establishing the materiality and relevancy of the open loop carburetor documents. Justice Nenno's order provided that plaintiffs could reapply to the court for discovery with respect to those documents if, after reviewing the closed loop carburetors, plaintiffs were able to establish the relevancy of the open loop carburetors.

"The doctrine of the 'law of the case' is a rule of practice, an articulation of sound policy that, when an issue is once judicially determined, that should be the end of the matter as far as Judges and courts of co-ordinate jurisdiction are concerned" (*Martin v City of Cohoes,* 37 NY2d 162, 165, *rearg denied* 37 NY2d 817; *see, Kimmel v State of New York,* 261 AD2d 843, 844; *Matter of Silverberg v Dillon,* 73 AD2d 838, 839, *appeal dismissed* 49 NY2d 889, *lv denied* 50 NY2d 803). Justice Nenno's order, which was the law of the case, provided that plaintiffs could reapply for discovery of documents concerning the open loop carburetors if they could establish the relevancy of those documents, yet plaintiffs submitted no new facts or arguments when they sought the same relief before Justice Cosgrove. We thus modify the order by denying that part of plaintiffs' cross motion to compel defendant to provide complete responses to document requests numbered 1 through 5 and 17. (Appeal from Order of Supreme Court, Allegany County, Cosgrove, J.—Discovery.) Present—Pigott, Jr., P. J., Green, Hayes, Scudder and Kehoe, JJ.