■ In the Matter of SHANOR ELECTRIC SUPPLY, INC., Respondent, v FAC CONTINENTAL, LLC, et al., Appellants. [905 NYS2d 383]—

Appeal from a judgment (denominated order) of the Supreme Court, Erie County (Frank A. Sedita, Jr., J.), entered February 25, 2009. The judgment, following a hearing, granted petitioner's request for a permanent injunction.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner commenced this proceeding seeking, inter alia, a permanent injunction enjoining respondents from interfering with petitioner's use of a 38-foot-wide easement over a portion of respondents' property. According to the petition, the easement is necessary to enable petitioner to receive products in delivery trucks from manufacturers and to load the trucks for delivery to petitioner's customers. Respondents appeal from a judgment, issued following a hearing on petitioner's order to show cause, granting petitioner's "request for a permanent injunction restraining respondents from interfering with its ability to load and unload its trucks in the service bay area." We affirm.

We note at the outset that, contrary to respondents' contention, petitioner did not fail to join necessary parties in this proceeding (see generally CPLR 1001 [a]; Matter of Red Hook/ Gowanus Chamber of Commerce v New York City Bd. of Stds. & Appeals, 5 NY3d 452, 457-459 [2005]). Respondents have not identified any parties who would be inequitably affected by a decision on the petition and, even assuming, arguendo, that such parties exist, we conclude that their interests "are so intertwined [with those of respondents] that there is virtually no prejudice to the nonjoined part[ies]" (Matter of Long Is. Contractors' Assn. v Town of Riverhead, 17 AD3d 590, 594 [2005]; see CPLR 1001 [b] [2]; see generally Matter of Jim Ludtka Sporting Goods, Inc. v City of Buffalo School Dist., 48 AD3d 1103, 1104 [2008], lv denied 11 NY3d 704 [2008]).

Contrary to respondents' further contention, Supreme Court properly determined that petitioner is entitled to use the easement for the loading and unloading of delivery trucks inasmuch as petitioner established "irreparable injury and an inadequate remedy at law," two of the three factors necessary for the issuance of a permanent injunction (DiMarzo v Fast Trak Structures, 298 AD2d 909, 911 [2002]). " '[W]here, as here, the language of

the grant contains no restrictions or qualifications and the purpose of the easement is to provide ingress and egress, any reasonable lawful use within the contemplation of the grant is permissible' " (*Albright v Davey*, 68 AD3d 1490, 1492 [2009]; *see generally Joss v Niagara Mohawk Power Corp.*, 41 AD2d 596 [1973]). We conclude that petitioner's use of the easement for the loading and unloading of trucks "is a reasonable use incidental to the purpose of the easement" (*Higgins v Douglas*, 304 AD2d 1051, 1055 [2003]), and petitioner established that such use is required to enable it to conduct its business.

Contrary to respondents' further contention, we conclude that petitioner established a balancing of the equities in its favor, the third factor necessary for the issuance of a permanent injunction (*see DiMarzo*, 298 AD2d at 911). Respondents contend that petitioner's use of the easement reduces the number of vehicles that respondents are able to park in the area of the easement. Petitioner, however, "is entitled to full and complete use" of the easement without interference from respondents (*Hullar v Glider Oil Co.*, 219 AD2d 825, 826 [1995]), and the inconvenience of reduced parking does not override the harm to petitioner's business in the event that petitioner is prevented from using the easement (*see generally Credit Index v RiskWise Intl.*, 282 AD2d 246, 247 [2001]; *Hullar*, 219 AD2d at 826). Present—Scudder, P.J., Smith, Peradotto, Lindley and Sconiers, JJ.