# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**452**

**CA 10-01936**

PRESENT: SCUDDER, P.J., SMITH, LINDLEY, GREEN, AND GORSKI, JJ.

---

JOYCE A. GOETCHIUS, INDIVIDUALLY AND AS EXECUTOR
OF THE ESTATE OF JAMES J. GOETCHIUS, DECEASED,
PLAINTIFF-APPELLANT,

V

MEMORANDUM AND ORDER

PERRY J. SPAVENTO, M.D. AND MOUNT ST. MARY'S
HOSPITAL OF NIAGARA FALLS, DEFENDANTS-RESPONDENTS.

---

BROWN CHIARI LLP, LANCASTER (MICHAEL R. DRUMM OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

RICOTTA & VISCO, ATTORNEYS & COUNSELORS AT LAW, BUFFALO (JOHN M. VISCO
OF COUNSEL), FOR DEFENDANT-RESPONDENT MOUNT ST. MARY'S HOSPITAL OF
NIAGARA FALLS.

BROWN & TARANTINO, LLC, BUFFALO (TAMSIN J. HAGER OF COUNSEL), FOR
DEFENDANT-RESPONDENT PERRY J. SPAVENTO, M.D.

---

Appeal from an order of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered June 22, 2010 in a medical malpractice and wrongful death action. The order granted defendants' motion to compel.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating the second ordering paragraph and granting the motion by directing plaintiff to submit to Supreme Court a certified complete copy of decedent's collateral source records from Community Blue and as modified the order is affirmed without costs, and the matter is remitted to Supreme Court, Niagara County, for further proceedings in accordance with the following Memorandum: In this wrongful death action based upon defendants' alleged medical malpractice, plaintiff appeals from an order granting defendants' motion seeking, inter alia, to compel plaintiff to provide an authorization to obtain the records of the physician who performed bypass surgery on her husband (decedent) approximately seven years before his death, as well as the records of the hospital where the surgery took place, and to provide an authorization for the release of collateral source records from decedent's health insurance carrier, Community Blue. We conclude at the outset that, although plaintiff is not seeking damages for medical expenses incurred on behalf of decedent, the records from decedent's health insurance carrier are nevertheless "material and necessary" to the defense of this action (CPLR 3101 [a]), inasmuch as they may

contain information "reasonably calculated to lead to relevant evidence" (*Grieco v Kaleida Health* [appeal No. 2], 79 AD3d 1764, 1765).  Indeed, the records are likely to include the names of decedent's medical providers and prior medical conditions that may be relevant to the defense of this action.  We further conclude, however, that Supreme Court erred in directing plaintiff to provide an authorization permitting the release of those records to defendants.  Rather, they should be reviewed by Supreme Court in camera so that irrelevant information is not disclosed to defendants (*see Tirado v Koritz*, 77 AD3d 1368, 1369; *see generally Tabone v Lee*, 59 AD3d 1021, 1022; *Mayer v Cusyck*, 284 AD2d 937).  We therefore modify the order accordingly.

We reject plaintiff's contention that the court erred in directing her to provide defendants with information relating to decedent's bypass surgery.  It is well settled that "[a] party must provide duly executed and acknowledged written authorizations for the release of pertinent medical records when that party has waived the physician-patient privilege by affirmatively putting his or her physical or mental condition in issue" (*Weber v Ryder TRS, Inc.*, 49 AD3d 865, 866).  Considering that the autopsy report listed arteriosclerotic coronary disease as one of the causes of decedent's death and that decedent's life expectancy is at issue, information with respect to the bypass surgery is relevant to this action or, at the very least, is reasonably calculated to lead to relevant evidence. We reject the further contention of plaintiff that defendants' informal request for such information constituted an interrogatory, which would not be permitted where, as here, the defendants have also served a demand for a bill of particulars and a notice of intention to depose the plaintiff (*see* CPLR 3130 [1]).

Entered:  May 6, 2011                              Patricia L. Morgan
                                                   Clerk of the Court