Mercure, J.P.
*1314 We affirm. The complaint does not state a cause of action. “More is needed to state a claim . . . than factual allegations which are conclusory, vague or inherently incredible” (Matter of Niagara Mohawk Power Corp. v State of New York, 300 AD2d 949, 952 [2002] [citations omitted]; accord Matter of Abele v Dimitriadis, 53 AD3d 969, 970 [2008], lv denied 12 NY3d 706 [2009]). Plaintiff appears to assert a claim of tortious interference with prospective inheritance based upon her observations that defendants have made home improvements and settled debts since decedent’s death. Such speculative and conclusory allegations are insufficient to state a cause of action and, in any event, New York does not recognize a cause of action for tortious interference with prospective inheritance (see Vogt v Witmeyer, 87 NY2d 998, 999 [1996]). Similarly, plaintiffs factual allegations regarding her belief that decedent left a will, that the will named either Stephen Bracci or Hallock as executor of the estate, and that neither has fulfilled the duties required of an executor are, in our view, too speculative and conclusory to state a cause of action. Finally, plaintiffs claim that defendants attempted — unsuccessfully — to pressure her into signing over her rights to the proceeds of an insurance policy does not fit within any cognizable legal theory.
Plaintiffs remaining contentions are either unpreserved for our review or lacking in merit.
Lahtinen, Malone Jr., Stein and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.