# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**89**
**CA 14-01371**
PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, SCONIERS, AND DEJOSEPH, JJ.

---

KENNETH ZIOLKOWSKI, PLAINTIFF-RESPONDENT,

V                                        MEMORANDUM AND ORDER

HAN-TEK, INC., DEFENDANT-APPELLANT,
AND ZYNERGY SOLUTIONS, INC., DEFENDANT.

---

LAW OFFICES OF DESTIN C. SANTACROSE, BUFFALO (AMANDA GEARY OF COUNSEL), FOR DEFENDANT-APPELLANT.

LAW OFFICE OF THOMAS C. PARES, BUFFALO (THOMAS C. PARES OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Timothy J. Drury, J.), entered October 28, 2013. The order granted plaintiff's motion to quash a subpoena.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the motion is denied.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained in a work-related accident. Following the deposition of plaintiff's accountant, the attorney for defendant Han-Tek, Inc. (Han-Tek) issued a subpoena duces tecum directing plaintiff's accountant to produce documents relating to the operation of plaintiff's residential real estate business. Supreme Court erred in granting plaintiff's motion to quash the subpoena, and we therefore reverse the order and deny the motion. Plaintiff failed to meet his burden of establishing that "the information sought is utterly irrelevant to any proper inquiry" (*Matter of Kapon v Koch*, 23 NY3d 32, 38 [internal quotation marks omitted]; *see Kimmel v State of New York*, 76 AD3d 188, 197). To the contrary, we agree with Han-Tek that the documents sought are relevant to plaintiff's claim for lost wages (*see Picart v New York City Tr. Auth.*, 226 AD2d 165, 165-166), as well as Han-Tek's affirmative defense of failure to mitigate damages (*see generally Singh v Friedson*, 36 AD3d 605, 606, *lv dismissed* 9 NY3d 861).

We reject plaintiff's contention that the court was bound by the law of the case to quash the subpoena, based upon a prior order (Griffith, A.J.) denying the motion of defendant Zynergy Solutions, Inc., seeking to compel disclosure of the documents listed in the subpoena. The prior motion preceded the accountant's deposition,

which introduced additional evidence and raised further issues, "thereby precluding application of the law of the case doctrine" (*Matter of D'Alimonte v Kuriansky*, 144 AD2d 737, 738).  In any event, the law of the case is not binding upon this Court's review of the order (*see Martin v City of Cohoes*, 37 NY2d 162, 165, *rearg denied* 37 NY2d 817; *Hey v Town of Napoli*, 265 AD2d 803, 804).

Entered:  March 27, 2015                     Frances E. Cafarell
                                             Clerk of the Court