█ LISA M. MILLIGAN, Respondent, v KEVIN BIFULCO et al., Appellants. [62 NYS3d 663]—

Appeal from an order of the Supreme Court, Erie County (Tracey A. Bannister, J.), entered May 24, 2016. The order, inter alia, denied in part the cross motion of defendants to compel plaintiff to produce certain authorizations.

It is hereby ordered that said appeal from the order insofar as it relates to the seventh ordering paragraph is unanimously dismissed and the order is modified on the law by granting those parts of the cross motion seeking to compel plaintiff to provide authorizations for disclosure of plaintiff's health insurance records, plaintiff's school records, including specific authorization for the release of "special education, educational plans, IEP, [and] Section 504 records," except to the extent that such school records pertain to mental health and counseling, and plaintiff's ITT Tech records, and as modified the order is affirmed without costs in accordance with the following memorandum: In this personal injury action, defendants appeal from an order that, among other things, denied those parts of their cross motion seeking authorizations for, inter alia, records from plaintiff's health insurance carriers, as well as plaintiff's school and mental health records.

We agree with defendants that, based on the broad and all-

encompassing allegations of physical injury, the records sought from plaintiff's health insurance carriers are " 'material and necessary' to the defense of this action (CPLR 3101 [a]), inasmuch as they may contain information 'reasonably calculated to lead to relevant evidence' " (*Goetchius v Spavento*, 84 AD3d 1712, 1713 [2011]). We therefore modify the order by granting that part of the cross motion seeking to compel plaintiff to provide authorizations for the disclosure of those records. We conclude, however, that disclosure should be made to Supreme Court "in camera so that irrelevant information is not disclosed to defendants" (*id.*).

We further agree with defendants that they established that plaintiff's "special education, educational plans, IEP, [and] Section 504 records" (special education records), as sought in demands 33 through 37, are relevant, or likely to lead to evidence that would be relevant to plaintiff's claims of a loss of "economic capacity" (*cf. McGuane v M.C.A., Inc.*, 182 AD2d 1081, 1082 [1992]). For similar reasons, we conclude that defendants established that plaintiff's records from ITT Tech may contain information " 'reasonably calculated to lead to relevant evidence' " (*Goetchius*, 84 AD3d at 1713). We therefore further modify the order by granting those parts of the cross motion seeking to compel plaintiff to provide authorizations for the disclosure of those records. We note again that, because "the records may contain some privileged material, they should be reviewed in camera by the . . . [c]ourt[,] and privileged material, if any, should be redacted before giving [defendants] access to the records" (*Rojas-Onofre v Lutheran Med. Ctr.*, 35 AD3d 832, 833 [2006]).

Contrary to plaintiff's contention, the court was not bound by the law of the case to follow an earlier order denying disclosure of the special education records. "The prior motion[s] preceded [plaintiff's] deposition, which introduced additional evidence and raised further issues, 'thereby precluding application of the law of the case doctrine' " (*Ziolkowski v Han-Tek, Inc.*, 126 AD3d 1431, 1432 [2015]; *cf. Francisco v General Motors Corp.*, 277 AD2d 975, 976 [2000]). "In any event, the law of the case is not binding upon this Court's review of the order" (*Ziolkowski*, 126 AD3d at 1432).

We conclude, however, that the court properly denied that part of the cross motion seeking authorizations for plaintiff's preaccident mental health records. In seeking disclosure of those records, defendants contended that such evidence was relevant to plaintiff's claims for "a head injury with alleged cognitive deficits and memory loss." Inasmuch as plaintiff has

since withdrawn all claims related to her cognitive deficits and memory loss, we agree with plaintiff that she should not be compelled to disclose her mental health and counseling records, including those contained in her school records (*see Alford v City of New York*, 116 AD3d 483, 484 [2014]; *Cruci v General Elec. Co.*, 33 AD3d 840, 840 [2006]).

Contrary to the further contention of defendants, the court did not abuse its discretion in declining to award them sanctions or counsel fees inasmuch as the conduct of plaintiff's attorney "was not 'completely without merit in law' " (*Childs v Cobado*, 302 AD2d 914, 915 [2003], quoting 22 NYCRR 130-1.1 [c] [1]; *see generally Vogt v Witmeyer*, 212 AD2d 1013, 1014 [1995], *affd* 87 NY2d 998 [1996]). Finally, although defendants contend that the court erred in refusing to direct plaintiff to answer certain questions at a future deposition, that part of the order is not appealable as of right (*see Di Chiara v Kaleida Health*, 306 AD2d 901, 901-902 [2003]; *see also Mayer v Hoang*, 83 AD3d 1516, 1518 [2011]). We decline to treat the notice of appeal as an application for leave to appeal under CPLR 5701 (c) with respect to that issue inasmuch as there is nothing in the record that would warrant the granting of leave to appeal on our own motion (*see Braverman v Bendiner & Schlesinger, Inc.*, 85 AD3d 1074, 1074 [2011]; *Nappi v North Shore Univ. Hosp.*, 31 AD3d 509, 510-511 [2006]; *cf. Mayer*, 83 AD3d at 1518; *Roggow v Walker*, 303 AD2d 1003, 1003-1004 [2003]). Present—Centra, J.P., Carni, Lindley, Troutman and Winslow, JJ.