U.S. Bank Trust, N.A. v Hussain (2022 NY Slip Op 04755)

U.S. Bank Trust, N.A. v Hussain

2022 NY Slip Op 04755

Decided on July 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
DEBORAH A. DOWLING, JJ.

2019-07290 
2019-07291
 (Index No. 714234/17)

[*1]U.S. Bank Trust, N.A., etc., appellant,
v
Mohsan Hussain, etc., respondent, et al., defendants.

Fein, Such & Crane, LLP (Knuckles, Komosinski & Manfro, LLP, Fishkill, NY [Louis A. Levithan], of counsel), for appellant.
Patacca & Associates, P.C., Williston Park, NY (Kevin McDermott of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Pam Jackman Brown, J.), entered December 3, 2018, and (2) an order of the same court entered May 2, 2019. The order entered December 3, 2018, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Mohsan Hussain, to strike that defendant's answer, and for an order of reference, and, sua sponte, tolled all interest effective July 30, 2018. The order entered May 2, 2019, denied the plaintiff's motion for leave to renew and reargue those branches of its prior motion which were for summary judgment on the complaint insofar as asserted against the defendant Mohsan Hussain, to strike that defendant's answer, and for an order of reference.
ORDERED that the appeal from so much of the order entered December 3, 2018, as, sua sponte, tolled all interest effective July 30, 2018, is dismissed; and it is further,
ORDERED that the appeal from the order entered May 2, 2019, is dismissed; and it is further,
ORDERED that the order entered December 3, 2018, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the defendant Mohsan Hussain.
In April 2007, the defendant Mohsan Hussain (hereinafter the defendant) borrowed the sum of $356,000 from nonparty Bank of America, N.A. The loan was memorialized by a note and secured by a mortgage encumbering real property located in Queens (hereinafter the subject property). Subsequently, the note and the mortgage were assigned to the plaintiff.
Thereafter, the plaintiff commenced this action to foreclose the mortgage, alleging [*2]that the defendant defaulted on its terms by failing to make the payment due on May 1, 2012, and all subsequent payments thereafter. The plaintiff then moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference. By order entered December 3, 2018, the Supreme Court, inter alia, denied those branches of the plaintiff's motion and, sua sponte, tolled all interest on the note effective July 30, 2018.
Thereafter, the plaintiff moved for leave to renew and reargue those branches of its prior motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference. By order entered May 2, 2019, the Supreme Court denied the plaintiff's motion for leave to renew and reargue. The plaintiff appeals from the orders entered December 3, 2018, and May 2, 2019.
The appeal from so much of the order entered December 3, 2018, as, sua sponte, tolled interest on the note effective July 30, 2018, must be dismissed, as that portion of the order "did not decide a motion made on notice [and, a]s such, . . . is not appealable as of right" (Wells Fargo Bank, N.A. v Meyers, 108 AD3d 9, 16, citing CPLR 5701[a][2]), and we decline to grant leave to appeal (see Matter of Kassab v Kasab, 195 AD3d 832, 836, citing CPLR 5701[c]).
The appeal from the order entered May 2, 2019, also must be dismissed. The appeal from so much of the order as denied that branch of the plaintiff's motion which was for leave to reargue must be dismissed, as no appeal lies from an order denying reargument (see Halvatzis v Perrone, 199 AD3d 787, 788). The appeal from so much of the order as denied that branch of the plaintiff's motion which was for leave to renew must be dismissed, as the plaintiff raised the issue regarding the denial of that branch of its motion for the first time in its reply brief and, thus, "abandoned whatever argument [it] may have had with respect to" that branch of its motion (Levy v Kung Sit Huie, 54 AD3d 731, 732; see Lupo v Miranda, 186 AD3d 468, 469).
The Supreme Court properly denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference. Proper service of RPAPL 1304 notice on the borrower is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of the condition (see e.g. Wells Fargo Bank, N.A. v Bedell, 186 AD3d 1293, 1294; Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20). The statute provides, among other things, that "at least ninety days before a lender, an assignee or a mortgage loan servicer commences . . . mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower" (RPAPL 1304[1]) and that such notice shall be sent "by registered or certified mail and also by first-class mail to the last known address of the borrower, and to the residence that is the subject of the mortgage" (id. § 1304[2]; see Citibank, N.A. v Conti-Scheurer, 172 AD3d at 20). "Proof of the requisite mailing is established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure" (Wells Fargo Bank, NA v Mandrin, 160 AD3d 1014, 1016; see U.S. Bank N.A. v Hammer, 192 AD3d 846, 848-849).
Here, the plaintiff failed to establish, prima facie, that it strictly complied with the requirements of RPAPL 1304. In moving for summary judgment, the plaintiff submitted, inter alia, the affidavit of Kolette Modlin, an authorized officer of its loan servicer, Caliber Home Loans, Inc. However, the RPAPL 1304 notices were not incorporated as exhibits to Modlin's affidavit, and therefore, her description of the documents constituted inadmissible hearsay (see e.g. American Home Mtge. Servicing, Inc. v Carnegie, 181 AD3d 632, 633; Deutsche Bank Natl. Trust Co. v Elshiekh, 179 AD3d 1017, 1021). The plaintiff also failed to include any United States Postal Service mail return receipts, affidavits of mailing, or other proof that the mailing actually occurred (see Wells Fargo Bank, N.A. v Bedell, 186 AD3d 1293, 1295), and the Modlin affidavit failed to adequately describe either personal knowledge of the mailing or the standard office mailing procedures of the loan servicer (see Capital One, N.A. v Liman, 193 AD3d 808, 810; Fifth Third Mtge. Co. v Seminario, 168 AD3d 1041, 1043; cf. U.S. Bank Trust, N.A. v Mehl, 195 AD3d 1054, 1056).
Therefore, the Supreme Court properly denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference, regardless of the sufficiency of the defendant's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
BARROS, J.P., CHAMBERS, MILLER and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court