Mosley v Parnell (2022 NY Slip Op 07342)

Mosley v Parnell

2022 NY Slip Op 07342

Decided on December 23, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., NEMOYER, WINSLOW, BANNISTER, AND MONTOUR, JJ.

790 CA 21-00388

[*1]THEODORE MOSLEY, ANNE MOSLEY, PATRICIA DUKE, JENNIFER DUKE, ALBERT LUCARELLI, ELIZABETH LUCARELLI, MARK COHEN, JOAN WLAD, DOMINICK FEOCCO, SANDRA FEOCCO, MARVIN DRUGER, STEPHEN ARGENTIERI, MICHELLE ARGENTIERI, CHRISTINE LITTY, JOHN WATERS, JANET WATERS, ANN HICKS, DAVID RIGAN, MARK FANNING, VICTORIA FANNING, JOHN PEASE AND KIRSTEN PEASE, PLAINTIFFS-APPELLANTS,
v
MARIANNE PARNELL, DEFENDANT-RESPONDENT. ET AL., DEFENDANTS. 

MICHAELS & SMOLAK, P.C., AUBURN (MICHAEL G. BERSANI OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.
BOND, SCHOENECK & KING, PLLC, SYRACUSE (RICHARD L. WEBER OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Cayuga County (Thomas G. Leone, A.J.), entered March 10, 2021. The order denied plaintiffs' motion for summary judgment and ordered that the parties could not park vehicles on the right-of-way that is the subject of the action. 
It is hereby ORDERED that said appeal from the order insofar as it relates to the second ordering paragraph is unanimously dismissed and the order is modified on the law by granting that part of the motion for summary judgment on the first cause of action insofar as it seeks a declaration of plaintiffs' rights under the easement and judgment is granted in favor of plaintiffs as follows:
It is ADJUDGED and DECLARED that plaintiffs have the right to construct, maintain, and use a seasonal dock within the right-of-way,
and as modified the order is affirmed without costs.
Memorandum: Plaintiffs are property owners who have use of an easement over the property of Marianne Parnell (defendant), which is a lakefront lot on the shore of Owasco Lake. The easement, a 20-foot-wide right-of-way across the northern edge of defendant's property, affords access to the lake. Following a disagreement with defendant over the scope of plaintiffs' use of the right-of-way, specifically whether the right-of-way encompasses the right to erect, maintain, and use a seasonal dock within the right-of-way, plaintiffs commenced this action asserting three causes of action seeking declaratory and other relief. Plaintiffs now appeal from an order that, inter alia, denied their motion for summary judgment on the second amended complaint.
Preliminarily, we note that plaintiffs' appeal from that part of the order that sua sponte prohibited the parties from parking vehicles or placing obstructions in, on, or at the right-of-way must be dismissed because that part of the order "did not decide a motion made on notice [and, a]s such, . . . is not appealable as of right" (U.S. Bank Trust, N.A. v Hussain, 207 AD3d 778, 779 [2d Dept 2022] [internal quotation marks omitted]; see CPLR 5701 [a] [2]). Plaintiffs did not seek leave to appeal, and we decline to treat the notice of appeal as an application for leave to appeal (see CPLR 5701 [c]; Deutsche Bank Natl. Trust Co. v Miller, 172 AD3d 1890, 1890 [4th [*2]Dept 2019]).
We agree with plaintiffs that Supreme Court erred in denying their motion with respect to the first cause of action insofar as it seeks a declaration that their deeds confer upon them the right to erect, maintain, and use a dock within the right-of-way, and we therefore modify the order accordingly. Plaintiffs met their initial burden on the motion by submitting, among other things, the relevant deeds, which established that there were no restrictions on the easement and that the purpose of the right-of-way was to provide ingress to and egress from the lake (see Matter of Shanor Elec. Supply, Inc. v FAC Cont., LLC, 73 AD3d 1445, 1446-1447 [4th Dept 2010]). Given the purpose of the easement and the absence of restrictions, "any reasonable lawful use [by plaintiffs] within the contemplation of the grant is permissible" (id. at 1447 [internal quotation marks omitted]), and the installation, maintenance, and use of a dock at the end of a right-of-way providing access to a lake is a "reasonable use incidental to the purpose of the easement" (Holst v Liberatore, 115 AD3d 1216, 1217 [4th Dept 2014] [internal quotation marks omitted]; see Elm Lansing Realty Corp. v Knapp, 192 AD3d 1348, 1352 [3d Dept 2021]; Hush v Taylor, 84 AD3d 1532, 1534-1535 [3d Dept 2011]). Defendant failed to raise a triable issue of fact in opposition.
In light of our determination, plaintiffs' contention that the court erred in denying the motion with respect to the second cause of action, asserting that plaintiffs acquired a prescriptive easement for the installation, maintenance, and use of the seasonal dock, is academic. Finally, we reject plaintiffs' contention that the court erred in denying the motion with respect to the third cause of action, seeking a declaration that defendant has placed obstacles in the right-of-way, interfering with plaintiffs' use. Plaintiffs failed to meet their initial burden on the motion of demonstrating that defendant actually obstructed plaintiffs' use of the right-of-way (see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
Entered: December 23, 2022
Ann Dillon Flynn
Clerk of the Court