Gena v Mu (2025 NY Slip Op 04399)

Gena v Mu

2025 NY Slip Op 04399

Decided on July 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, SMITH, NOWAK, AND HANNAH, JJ.

543 CA 24-00552

[*1]KATHERINE GENA, PLAINTIFF-APPELLANT,
v
CHRISTOPHER MU, PA, LOYOLA OUTPATIENT REHAB UNIT, ST. JAMES MERCY HOSPITAL AND LOYOLA RECOVERY FOUNDATION, INC., DEFENDANTS-RESPONDENTS. 

SILBERSTEIN AWAD & MIKLOS, P.C., GARDEN CITY (JOHN T. RYAN OF COUNSEL), FOR PLAINTIFF-APPELLANT.
SMITH SOVIK KENDRICK & SUGNET, P.C., SYRACUSE (KEVIN E. HULSLANDER OF COUNSEL), FOR DEFENDANT-RESPONDENT CHRISTOPHER MU, PA.
CLAUSEN MILLER, P.C., NEW YORK CITY (JOSEPH J. FERRINI OF COUNSEL), FOR DEFENDANTS-RESPONDENTS LOYOLA OUTPATIENT REHAB UNIT AND LOYOLA RECOVERY FOUNDATION, INC.
HODGSON RUSS LLP, ROCHESTER (CLAIRE E. WELLS OF COUNSEL), FOR DEFENDANT-RESPONDENT ST. JAMES MERCY HOSPITAL.

 Appeal from an order of the Supreme Court, Steuben County (Jason L. Cook, J.), entered March 11, 2024. The order, inter alia, granted the cross-motions of defendants Christopher Mu, PA, and St. James Mercy Hospital to dismiss the complaint pursuant to CPLR 3126 (3) and dismissed the complaint against all defendants. 
It is hereby ORDERED that said appeal from the order insofar as it effectively dismissed the complaint against defendants Loyola Outpatient Rehab Unit and Loyola Recovery Foundation, Inc., is unanimously dismissed and the order is modified in the exercise of discretion by denying the cross-motions and reinstating the complaint against defendants Christopher Mu, PA, and St. James Mercy Hospital and as modified the order is affirmed without costs and the matter is remitted to Supreme Court, Steuben County, for further proceedings in accordance with the following memorandum: Plaintiff appeals from an order that granted both the noticed cross-motions to dismiss the complaint made by defendants Christopher Mu, PA, and St. James Mercy Hospital pursuant to CPLR 3126 (3) and the oral application to dismiss made by defendants Loyola Outpatient Rehab Unit and Loyola Recovery Foundation, Inc. (collectively, Loyola defendants) at oral argument. Insofar as the Loyola defendants did not file a formal cross-motion on notice but, rather, orally applied to dismiss plaintiff's complaint on the return date of the cross-motions, the part of the order effectively dismissing the complaint against the Loyola defendants "is not appealable as of right under CPLR 5701 (a) (2) because such an application is not a proper cross[-]motion made on notice under CPLR 2215" (Kavanaugh v Kavanaugh, 200 AD3d 1568, 1572 [4th Dept 2021]; see Matter of Henshaw v Hildebrand, 191 AD3d 1237, 1238 [4th Dept 2021]). Plaintiff did not seek leave to appeal from that part of the order, and we decline to treat the notice of appeal as an application for leave to appeal (see CPLR 5701 [c]; Mosley v Parnell, 211 AD3d 1530, 1531 [4th Dept 2022]; Milligan v Bifulco, 153 AD3d 1624, 1626 [4th Dept 2017]). We therefore dismiss the appeal from the order insofar as it effectively dismissed the complaint against the Loyola defendants (see Mosley, 211 AD3d at 1531).
With respect to the appealable portions of the order, it is well established that " '[a] trial court has broad discretion in supervising the discovery process, and its determinations will not be disturbed absent an abuse of that discretion' " (Daniels v Rumsey, 111 AD3d 1408, 1409 [4th [*2]Dept 2013]). Nevertheless, "where discretionary determinations concerning discovery and CPLR article 31 are at issue, [we are] vested with the same power and discretion as [Supreme Court, and thus we] may also substitute [our] own discretion even in the absence of abuse" (Page v Niagara Falls Mem. Med. Ctr., 141 AD3d 1084, 1085 [4th Dept 2016] [internal quotation marks omitted]; see generally Those Certain Underwriters at Lloyds, London v Occidental Gems, Inc., 11 NY3d 843, 845 [2008]). Under the circumstances of this case, we substitute our own discretion for that of the motion court and conclude that dismissal of the complaint pursuant to CPLR 3126 (3) is not warranted (see generally Windnagle v Tarnacki, 184 AD3d 1178, 1179-1180 [4th Dept 2020]). We therefore modify the order, in the exercise of our discretion, by denying the cross-motions and reinstating the complaint against Mu and St. James Mercy Hospital and we remit the matter to Supreme Court.
Entered: July 25, 2025
Ann Dillon Flynn
Clerk of the Court