In the Matter of the Judicial Settlement of the Account of Proceedings of CLARA SEGALL and BERNARD SEGALL, as Executors, etc., of JACOB W. SEGALL, Deceased. BERNARD SEGALL and CLARA SEGALL, as Executors, etc., of JACOB W. SEGALL, Deceased, Appellants; MORRIS GOTTLIEB, Objectant-Respondent, and AUGUST G. KLAGES, Receiver, Respondent.— Motion referred to the court which rendered the decision [*ante*, p. 983]. Present — Lazansky, P. J., Carswell, Johnston, Adel and Taylor, JJ. Motion granted and the decision of this court handed down on March 17, 1941 [*ante*, p. 983], is amended by adding thereto a provision striking from the decree the 15th decretal paragraph; and order resettled accordingly. Present — Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ.

MAKEGOOD REALTY CO., INC., Appellant, v. VICTOR H. SALZI, Respondent, and Another, Defendant.— Motion for leave to appeal to the Appellate Division denied, with ten dollars costs. Present — Lazansky, P. J., Carswell, Johnston, Adel and Taylor, JJ.

BOARD OF EDUCATION, UNION FREE SCHOOL DISTRICT No. 6 OF THE TOWN OF NORTH HEMPSTEAD, NASSAU COUNTY, STATE OF NEW YORK, Respondent, v. THE TOWN OF NORTH HEMPSTEAD, Appellant, and Others, Defendants.— In an action for an injunction to restrain appellant from continuing to discharge rain and surface waters upon plaintiff's land, judgment for money damages for plaintiff reversed on the law and the facts and new trial granted, with costs to abide the event. Prior to the construction of the catch basin system upon the land developed by Strathmore-at-Manhasset, Inc., for the drainage of surface water, plaintiff's own showing is that the natural contours of the land were such as to cause surface water to flow to the existing culvert constructed by the State underneath Northern boulevard and so upon plaintiff's property. Moreover, three other catch basins had been constructed previously by the State as appurtenances of the boulevard, which caused water to flow upon the plaintiff's property. There was no showing that the drainage system, thereafter constructed upon the land lying on the southerly side of the boulevard, resulted in an increase in volume of water upon plaintiff's property and of damage which could be attributed to such construction or the maintenance thereof by appellant Town of North Hempstead by reason of dedication and acceptance. There was also a complete failure of the proof as to damage, in that there was no showing that a six-inch pipe was sufficient to carry off from plaintiff's property such waters as ordinarily accumulated prior to the construction of the catch basin system on the southerly side of Northern boulevard; nor that a thirty-inch pipe was necessary by reason of such construction and maintenance. While the appellant might be held liable for an increased volume of water caused by construction and maintenance of the catch basin system, it could not be held liable for the flow of such water on plaintiff's property which would have accumulated thereon even if there had been no development and construction and maintenance of a catch basin system. Appeal from order denying motion to dismiss complaint for insufficiency dismissed, without costs. Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ., concur.