■ ARTHUR H. MYLOTT et al., Respondents, v ELVIRA SISCA, Appellant.—Levine, J. Appeal from a judgment of the Supreme Court (Dier, J.), entered July 13, 1989 in Warren County, upon a decision of the court in favor of plaintiffs.

Defendant is the owner of certain real property located in the Town of Bolton, Warren County. Defendant's deed to the property states that it is "SUBJECT to an exclusive parking easement in favor of [plaintiffs' predecessors in interest]". The easement was created in an agreement between defendant's predecessors (the common grantors) and plaintiffs' predecessors. That instrument designated the easement as being exclu-

sive for parking no more than two automobiles adjacent to a specified building and as "more specifically described in Schedule A annexed hereto". The area created by the metes and bounds description in the schedule was L-shaped, along the westerly and southerly sides of the building.

In 1979, defendant constructed a deck adjacent to the building specified in the easement agreement. The deck overhung a cesspool servicing the building. Plaintiffs brought this action in 1986, claiming that the deck encroached upon their easement and seeking its removal.

At the bench trial that followed, plaintiffs' expert, the surveyor whose firm furnished the metes and bounds description, testified to the instructions given for supplying the description and stated that the deck extended some three feet over the southerly leg of the easement for approximately 11 feet. Defendant's proof was that the deck was constructed to cover and protect the cesspool that she feared was caving in as a result of the parking of plaintiffs' cars and that plaintiffs had agreed to this. Plaintiffs denied any such agreement. Defendant also contended that there was sufficient remaining space to park two cars and that she had a right to use the area superior to third persons invited by plaintiffs to park there when it was not being occupied by plaintiffs' vehicles.

At the conclusion of the trial, Supreme Court found that the easement was exclusive and that defendant's deck encroached upon it. The court rejected defendant's counterclaim based on occupancy of the easement by third parties, allegedly renting the parking spaces from plaintiffs, and ordered the removal of the encroaching portion of the deck.

On appeal, defendant's principal contentions are that the easement does not exclude her reasonable use of the covered area so long as plaintiffs are not deprived of its use for parking two vehicles, and that plaintiffs were guilty of laches. We disagree. The agreement between the parties' predecessors in interest created two exclusive easements, i.e., the parking easement under consideration here, described specifically by metes and bounds, and one to erect a dock at a location on the grantors' shoreline on Lake George, as depicted on a specified map. It also granted two nonexclusive easements to provide the grantees access to the lake and use of a common swimming and boat-launching area. The foregoing terms of the instrument and the testimony of the surveyor who drew the description of the parking easement amply support Supreme Court's finding that an exclusive parking easement was intended and that the easement was to extend to the entire area

covered by the description. Therefore, the court was also correct in concluding that the deck constituted an encroachment obstructing plaintiffs' full and complete enjoyment of the easement *(see, Herman v Roberts,* 119 NY 37, 45; *Morgan v Bolsan Realty Corp.,* 48 AD2d 331, 333, *appeal dismissed and lv dismissed* 37 NY2d 712, 921).* Supreme Court could also validly reject the credibility of defendant's claim that plaintiffs consented to the encroachment.

Moreover, we find nothing in the record here establishing any prejudice to defendant as a result of plaintiffs' delay in bringing this action, either by way of any significant detrimental change in position in reliance on plaintiffs' acquiescence or any impairment of her ability to defend this suit. Therefore, the evidence was insufficient as a matter of law to establish the defense of laches *(see, Weiss v Mayflower Doughnut Corp.,* 1 NY2d 310, 318; *Airco Alloys Div. v Niagara Mohawk Power Corp.,* 76 AD2d 68, 82; 75 NY Jur 2d, Limitations and Laches, §§ 337, 338, at 542-545).

Although we would, thus, agree with Supreme Court that plaintiffs sustained their cause of action, we also conclude that the record is not sufficiently developed to require affirmance of the injunctive relief granted by the court in directing the removal of the encroaching portion of defendant's deck. The evidence was inadequately developed by way of competent evidence as to what degree the deck actually impaired plaintiffs' ability to park two vehicles in the easement area, the hardship to defendant from either the expense of removal of the deck or the damage, if any, to her cesspool if full injunctive relief were granted, whether there were alternative dispositions which could have afforded plaintiffs full equitable relief, or whether the imposition of monetary damages would have been a just and adequate remedy. These and other equitable considerations must be weighed when an injunction is sought to remove an encroachment upon an easement *(see, 487 Elmwood v Hassett,* 83 AD2d 409, 413-414, *appeal dismissed* 55 NY2d 1037; *O'Hara v Wallace,* 52 AD2d 622, 623; *cf., Maspeth Branch Realty v Waldbaum, Inc.,* 20 AD2d 896, 898-899).* Supreme Court should have considered such factors and the record is insufficient to enable this court to weigh the equities. Consequently, the judgment should be modified by reversing so much thereof as ordered the removal of the encroaching deck, and the matter should be remitted for further proceedings.

Judgment modified, on the law, without costs, by reversing so much thereof as ordered the removal of the portion of

defendant's deck encroaching upon plaintiffs' easement; matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision; and, as so modified, affirmed. Weiss, J. P., Levine, Mercure and Harvey, JJ., concur.

Mikoll, J., dissents in a memorandum. Mikoll, J. (dissenting). I respectfully dissent.

There are convincing circumstances in the record which indicate that a preliminary injunction should not be granted to plaintiffs. I concur with the majority's conclusion that plaintiffs' easement is exclusive. However, the photographic evidence demonstrates that despite the encroachment over the easement, plaintiffs are still able to park two vehicles within the easement area and have regularly done so for the last seven years.

I disagree that the record fails to establish prejudice to defendant due to plaintiffs' delay in bringing the action until 1986. Defendant has demonstrated reliance on plaintiffs' omissions. Plaintiff Dorothy M. Mylott admitted that defendant spoke to her about constructing the deck in 1979. Defendant claims that Mylott consented thereto and Mylott denies giving any such consent. Defendant testified that the deck was constructed out of concern for the depression she noticed in the area of the cesspool, which is in the easement area. Mylott and her husband have been aware of the deck since it was built in 1979 and their daughter, who gained an interest in the easement in 1984, has likewise been aware since at least that time. Further changes in the building were made in 1980. Steps and a door were added, a window removed and electrical work done. The record further discloses, by way of testimony of an experienced real estate agent, James Pepper, that the lot is about 3,000 square feet; that its dimensions are such that if the cesspool were damaged and rendered unusable, the building of a septic tank system would not be possible. Building a new cesspool is no longer permitted in the Town of Bolton. The lot is otherwise too small and too near the right of way to permit the construction of a conventional septic tank. Pepper opined that the present value of the property is $80,000 to $90,000 and that without bathing and toilet facilities, its value would diminish to nothing more than that of a cabana, picnic shelter or parking space, that is, its value would be between $10,000 and $20,000. Under these circumstances, it would be inequitable to order removal of the deck (see, Glenesk v Guidance Realty Corp., 36 AD2d 852).

In view of the fact that plaintiffs have for seven years fully

utilized their parking easement despite the deck's encroachment, the reliance of defendant on what she considered to be consent on Mylott's part, defendant's financial investment in structural changes, the danger of a dramatic diminution of the value in defendant's property if the cesspool fails, it is my opinion that defendant is entitled to a reversal of the injunctive relief granted to plaintiffs.

Further, it is my view that plaintiffs have failed to prove any legal damages because of the partial encroachment and none should be granted.