■ JACOB C. HULLAR, III, Respondent, v GLIDER OIL COMPANY, INC., Doing Business as SUNRISE FOODS, et al., Appellants. [631 NYS2d 971] —Judgment and order unanimously affirmed with costs. Memorandum: Supreme Court properly granted plaintiff's motion for summary judgment, determining the rights of the parties with respect to easements over plaintiff's property, holding that defendants had wrongfully encroached upon plaintiff's property by erecting two concrete islands thereon, and directing that defendants remove them.

RPAPL 871 expressly authorizes an action by the owner of

any legal estate in land for an injunction directing the removal of a structure encroaching on such land. Whether an injunction should issue depends on all the equities between the parties, and the facts and circumstances of the particular case *(Goodfarb v Freedman,* 76 AD2d 565, 574).

The erection of the two concrete islands in violation of the terms of the recorded easement is an unlawful appropriation and occupation of a portion of plaintiff's land and is a continuing trespass. Plaintiff is entitled to full and complete use of all parts of the land in question, unobstructed by any permanent structures *(see, Van De Carr v Schloss,* 277 App Div 475, 477). Under such circumstances, an injunction is proper even though there is only nominal damage *(see, Van De Carr v Schloss, supra,* at 478). (Appeal from Judgment and Order of Supreme Court, Onondaga County, Mordue, J.—Remove Encroachment.) Present—Green, J. P., Pine, Wesley, Callahan and Davis, JJ.