■ ANTHONY M. DiMARZO, Respondent, v FAST TRAK STRUCTURES, INC., Defendant, and WEBSTER PROPERTIES, LLC, et al., Appellants. [747 NYS2d 637] —Appeal from an order and judgment (one document) of Supreme Court, Monroe County (Bergin, J.), entered May 9, 2001, which after a nonjury trial granted a permanent injunction enjoining defendants Webster

Properties, LLC and Nissan of Webster, LLC from discharging water onto plaintiff's property at a greater volume or greater rate of flow than existed prior to the development of the Nissan parcel.

It is hereby ordered that the order and judgment so appealed from be and the same hereby is unanimously reversed on the law without costs, the permanent injunction is vacated and the amended complaint is dismissed.

Memorandum: In 1997 defendant Fast Trak Structures, Inc. (Fast Trak) purchased property (Nissan parcel) directly to the west of plaintiff's property and, according to plaintiff, Fast Trak improved the Nissan parcel by constructing a building thereon, regrading and paving the site, constructing a storm and surface water drainage system, and installing a sanitary sewer. Fast Trak transferred the Nissan parcel to defendant Webster Properties, LLC (Webster) approximately one year later, and Webster leased the Nissan parcel to defendant Nissan of Webster, LLC (Nissan). Plaintiff commenced this action alleging that defendants trespassed on his property based on the substantially greater volume of water that discharged from the Nissan parcel onto the northwest corner of his property. After a nonjury trial, Supreme Court granted a permanent injunction to plaintiff based on the continuing trespass by Webster and Nissan upon plaintiff's property, enjoining Webster and Nissan from discharging water onto plaintiff's property "at a greater volume or greater rate of flow than existed prior to the development of the Nissan Parcel."

Contrary to the contention of Webster and Nissan, the court properly found a continuing trespass based on the evidence that Fast Trak intentionally installed a drainage pipe on the Nissan parcel that discharged water on the northwest corner of plaintiff's property, thereby impermissibly draining water onto plaintiff's property "by artificial means" (*Tatzel v Kaplan,* 292 AD2d 440, 441; *see Dellaportas v County of Putnam,* 240 AD2d 358, 359; *M.C.D. Carbone v Town of Bedford,* 98 AD2d 714, *lv denied* 61 NY2d 605; *see generally Kossoff v Rathgeb-Walsh, Inc.,* 3 NY2d 583, 589-590).

We agree with Webster and Nissan, however, that the court abused its discretion in granting a permanent injunction. A permanent injunction "is an extraordinary remedy to be granted or withheld by a court of equity in the exercise of its discretion. * * * Not every apprehension of injury will move a court of equity to the exercise of its discretionary powers. Indeed, '[e]quity * * * interferes in the transactions of [persons] by preventive measures only when irreparable injury

is threatened, and the law does not afford an adequate remedy for the contemplated wrong' " (*Kane v Walsh*, 295 NY 198, 205-206). Furthermore, although equitable relief may be a proper remedy to prevent repeated or continuing trespass even if the injury or damages are minimal, the court may refuse to grant such relief if warranted by the circumstances (*see Danchak v Tuzzolino*, 195 AD2d 936, 937). Here, plaintiff failed to establish irreparable injury and an inadequate remedy at law. In addition, plaintiff failed to establish a balancing of the equities in his favor (*see Generalow v Steinberger*, 131 AD2d 634, 635, *appeals dismissed* 70 NY2d 928, *lv denied* 70 NY2d 616). The evidence at trial established that the northwest corner of plaintiff's property was a natural drainage point for areas to the west, including the Nissan parcel. Indeed, plaintiff conceded that the northwest corner of his property was wet prior to the development of the Nissan parcel. Also prior to the development of the Nissan parcel, there was a drainage ditch on the Nissan parcel that extended onto the northwest corner of plaintiff's property. When the Nissan parcel was developed, a 15-inch drainage pipe was installed in the location of the drainage ditch. Thus, although water was carried off the Nissan parcel by artificial means, i.e., the drainage pipe, the water would have flowed onto plaintiff's property even without the drainage pipe, based on the natural topography of the land. In addition, plaintiff testified to only one incident of flooding, which occurred over three years before trial, when the Nissan parcel was being developed. We therefore reverse the order and judgment, vacate the permanent injunction and dismiss the amended complaint. Present—Green, J.P., Hayes, Hurlbutt, Gorski and Lawton, JJ.