■ JAMES E. MARSH, Appellant, v PATRICK HOGAN et al., Respondents. [919 NYS2d 536]—

Egan Jr., J. Appeal from a judgment of the Supreme Court (Tait, J.), entered January 6, 2010 in Tioga County, upon a decision of the court in favor of defendants.

Plaintiff owns a landlocked parcel of property that abuts defendants' property. Plaintiff purchased his parcel in 1979 and, in 1983, commenced an action for an easement by necessity against defendants' predecessors in title. In 1985, plaintiff, defendants' predecessors in title and Charles Farrell—a real estate developer—entered into a settlement agreement, which created an easement in favor of plaintiff over the property now held by defendants. The 50-foot-wide easement runs from a cul-de-sac at the end of Farrell Drive in the Town of Owego, Tioga County over defendants' property to plaintiff's property line, and was described in metes and bounds on a survey prepared at the direction of Farrell in 1990, which outlined his subdivision development plan for the property. The subdivision plan was later abandoned and, in 2004, Farrell sold his remaining undeveloped land to defendants, who thereafter built a house, part of which encroached on plaintiff's easement by approximately 10 feet. On the other side of the easement, defendants built a barn.

Plaintiff commenced this action seeking, among other things, damages, a permanent injunction and an order requiring defendants to remove any encroachments or obstructions present in the easement. Plaintiff eventually moved for partial summary judgment seeking a declaration that his easement was valid. In affirming the order granting plaintiff's motion, this Court determined that, pursuant to the 1985 settlement agreement, plaintiff has an easement by express grant over defendants' property (*Marsh v Hogan*, 56 AD3d 1090, 1092 [2008]). After a nonjury trial, Supreme Court determined that plaintiff was not entitled to an injunction. Plaintiff now appeals.

Pursuant to RPAPL 871, the owner of any legal estate in land may, as is the case here, commence an action for an injunction directing the removal of a structure encroaching on such land (*see Hullar v Glider Oil Co.*, 219 AD2d 825, 825-826 [1995]). "In order to obtain the injunctive relief [he or she] seeks, however, the [plaintiff is] required to demonstrate not only the existence of the encroachment, but that the benefit to be gained by compelling its removal would outweigh the harm that would result to the defendants from granting such relief" (*Town of Fishkill v Turner*, 60 AD3d 932, 933 [2009] [citations omitted]; *see Matter of Angiolillo v Town of Greenburgh*, 21 AD3d 1101, 1104 [2005]). "Whether an injunction should issue depends on all the equities between the parties" (*Hullar v Glider Oil Co.*,

219 AD2d at 826), with consideration given to factors such as the extent of impairment created by the encroachment, the defendant's hardship in removing the encroachment, whether any alternatives would afford more equitable relief, or whether money damages would have been a just and adequate remedy (*see Mylott v Sisca*, 168 AD2d 852, 854 [1990]). Furthermore, equitable relief may be denied based on the plaintiff's delay in vindicating his or her rights (*see 487 Elmwood v Hassett*, 83 AD2d 409, 414 [1981], *appeal dismissed* 55 NY2d 1037 [1982]), and based on the defendants' lack of willfulness in creating the encroachment (*see Forstmann v Joray Holding Co.*, 244 NY 22, 32 [1926]; *Lawrence v Mullen*, 40 AD2d 871, 871 [1972]).

Supreme Court properly determined, after weighing the equitable considerations, that there is no need for the extraordinary remedy of an injunction requiring defendants to move their residence. The house encroaches on the easement by approximately 10 feet, leaving a nearly 40-foot-wide strip of land for plaintiff to access his property. While plaintiff asserts that the entire original 50-foot-wide easement is necessary to comply with a local regulation pertaining to the construction of a public access road (*see* Land Subdivision Regulations of the Town of Owego § 103-69), as Supreme Court pointed out, the 50-foot width was originally selected, not because it represented the minimum width needed by plaintiff to access his property but, rather, to conform with Town regulations for public streets within subdivisions, and the original Farrell subdivision and its street is no longer planned. While plaintiff, in his brief, suggests an alternate location for the easement, which would require the removal of defendants' barn, because this easement is established at a definite location, without an agreement, it cannot be moved unilaterally by either party (*see Estate Ct., LLC v Schnall*, 49 AD3d 1076, 1077 [2008]). Furthermore, plaintiff testified that when he first saw the house under construction, he did not pursue his rights because he was unaware that defendants were encroaching on the easement. At trial, defendant Patrick Hogan testified that he and his wife relied on advice of counsel that the easement was "a dead issue" since the subdivision never came to fruition. Finally, while the hardship to defendants was addressed only briefly at trial, Hogan testified that moving the house would impose a burden on him and his extended family.

Next, we are unpersuaded by plaintiff's argument that this action should be remitted for a trial on the issue of damages to determine, among other things, the diminished value of his property due to the encroachment of the house and the value of timber that he was allegedly prevented from selling based upon

defendants' interference with his access to his property. While a party seeking a mandatory injunction for removal of an encroaching structure may receive an award of damages in lieu of an injunction (*see* RPAPL 871 [1]), at the trial of this action plaintiff failed to produce any evidence of such damages, and has thus abandoned any such claims (*see Garvey v Long Is. R.R. Co.*, 159 NY 323, 332 [1899]; *487 Elmwood v Hassett*, 83 AD2d at 414). Finally, plaintiff's remaining argument, that he withheld proof at trial based on language in this Court's prior decision (56 AD3d at 1092), has been reviewed and is found to be without merit.

Rose, Kavanagh and McCarthy, JJ., concur; Cardona, P.J., not taking part. Ordered that the judgment is affirmed, with costs.