Kleist v Stern (2020 NY Slip Op 05652)





Kleist v Stern


2020 NY Slip Op 05652


Decided on October 9, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, LINDLEY, AND BANNISTER, JJ.


762 CA 20-00057

[*1]VIRGINIA F. KLEIST, PLAINTIFF-APPELLANT,
v
DANIEL STERN, DEFENDANT-RESPONDENT. 






ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (PAUL V. WEBB, JR., OF COUNSEL), FOR PLAINTIFF-APPELLANT.
WRIGHT, WRIGHT AND HAMPTON, JAMESTOWN (EDWARD P. WRIGHT OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Chautauqua County (Paula L. Feroleto, J.), entered November 14, 2019. The judgment, among other things, determined that plaintiff was not entitled to equitable relief. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking to enjoin defendant from violating certain covenants and restrictions applicable to property owners within the Chautauqua Shores subdivision and to require him to remove any buildings that were in violation thereof. On a prior appeal from an order granting the motion of defendant for a directed verdict and dismissing the amended complaint, we modified the order by denying the motion in part and reinstating the amended complaint to the extent it alleges violations of paragraphs four and five of the covenants and restrictions, and granted a new trial with respect to those claims (Kleist v Stern, 174 AD3d 1451, 1452 [4th Dept 2019]). A second nonjury trial was held before a different justice, at which the parties stipulated to using all of the proof from the first nonjury trial, and then defendant called two witnesses. At the conclusion of the trial, Supreme Court issued a judgment determining that if defendant was in violation of the fifth paragraph of the covenants and restrictions, plaintiff was not entitled to equitable relief because she also would be in violation of that same paragraph. The court further determined that defendant violated the fourth paragraph of the covenants and restrictions, but that plaintiff was not entitled to equitable relief after the court considered various factors in balancing the equities. We affirm.
We reject plaintiff's contention that the court erred in determining that she violated the fifth paragraph of the covenants and restrictions, which provided that "[n]o building shall be constructed . . . closer than 100 feet from the lake line." There was conflicting evidence presented at trial whether defendant's covered porch was in violation of that paragraph, and there was evidence presented that the majority of the lakefront properties had one- or two-story decks, porches, and patios that were located in the setbacks, including plaintiff's deck. The court never decided whether there was a violation of the fifth paragraph of the covenants and restrictions, but implicitly determined that decks, porches, and patios—whether one-story or two-story, covered or uncovered—were the same inasmuch as they either all violated the fifth paragraph of the covenants and restrictions or they all did not. We conclude that the court's determination was reached upon a fair interpretation of the evidence (see generally Bubba's Bagels of Wesley Hills, Inc. v Bergstol, 18 AD3d 411, 412 [2d Dept 2005]). We thus agree with the court that if defendant was indeed in violation of that paragraph of the covenants and restrictions, plaintiff was not entitled to equitable relief because she was also in violation of it (see Gallon v Hussar, 172 App Div 393, 400 [2d Dept 1916]; cf. Rowland v Miller, 139 NY 93, 103 [1893]; see also Hauser v Hauser, 162 AD3d 992, 993 [2d Dept 2018]; see generally Mandalay Prop. Owners Assn. v Keiseheuer, 291 AD2d 483, 483 [2d Dept 2002]).
We reject plaintiff's further contention that the court erred in denying her equitable relief upon defendant's admitted violation of the fourth paragraph of the covenants and restrictions. That paragraph provides that "[n]o building shall be constructed on any lot so that any part thereof shall be closer than . . . ten (10) feet from the side . . . lot line." The evidence at trial demonstrated that the right side of the house was eight feet one inch from the side lot line. Contrary to plaintiff's implicit contention, a party is not automatically entitled to equitable relief when a violation of a restrictive covenant is established (see Forstmann v Joray Holding Co., 244 NY 22, 29 [1926]; see also DiMarzo v Fast Trak Structures, 298 AD2d 909, 910-911 [4th Dept 2002]). Whether a party is entitled to equitable relief upon a violation of a restrictive covenant depends on the particular circumstances of each case (see Forstmann, 244 NY at 29; Goodfarb v Freedman, 76 AD2d 565, 574 [2d Dept 1980]). A court should determine whether enforcing the covenant and restriction would substantially harm the defendant without any substantial benefit to the plaintiff (see Forstmann, 244 NY at 29; Goodfarb, 76 AD2d at 574; Fanning v Grosfent, 58 AD2d 366, 367 [3d Dept 1977]). The court has discretion whether to grant an equitable remedy after balancing the equities (see Evangelical Lutheran Church v Sahlem, 254 NY 161, 167 [1930]; Goodfarb, 76 AD2d at 574).
We agree with the court that plaintiff is not entitled to equitable relief (see generally DiMarzo, 298 AD2d at 911; Westmoreland Assn. v West Cutter Estates, 174 AD2d 144, 151-152 [2d Dept 1992]). As the court noted, defendant knew, or should have known, of the side setback violation on the right side, yet he chose to construct his house in disregard of the fourth paragraph of the covenants and restrictions, defendant did not act in good faith with respect to that violation, and the hardship was self imposed (see Westmoreland Assn., 174 AD2d at 151-152). As the court further noted, however, enforcement of the restriction would have little benefit to plaintiff inasmuch as the violation had no impact on the value of plaintiff's home, the violation did not detract from any neighbor's view of the lake, and the violation occurred on the side of defendant's property that was not adjacent to another residential lot. A balancing of the equities under all the circumstances of the case established that plaintiff was not entitled to injunctive relief for the right side lot line violation (see Sunrise Plaza Assoc. v International Summit Equities Corp., 288 AD2d 300, 301 [2d Dept 2001], lv denied 97 NY2d 612 [2002]; see also Fanning, 58 AD2d at 367-368).
Entered: October 9, 2020
Mark W. Bennett
Clerk of the Court