Bono v Town of Humphrey (2020 NY Slip Op 06905)





Bono v Town of Humphrey


2020 NY Slip Op 06905


Decided on November 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, NEMOYER, WINSLOW, AND BANNISTER, JJ.


945 CA 19-01498

[*1]CLARK A. BONO AND LOIS E. BONO, PLAINTIFFS-APPELLANTS,
v
TOWN OF HUMPHREY, DEFENDANT-RESPONDENT. 






LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (PATRICK J. MACKEY OF COUNSEL), FOR PLAINTIFFS-APPELLANTS. 
RUPP BAASE PFALZGRAF CUNNINGHAM LLC, BUFFALO (JEFFREY F. BAASE OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Cattaraugus County (Jeremiah J. Moriarty, III, J.), entered July 9, 2019. The order denied the motion of plaintiffs for partial summary judgment, granted the cross motion of defendant for summary judgment and dismissed the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the cross motion and reinstating the complaint, and as modified the order is affirmed without costs.
Memorandum: Plaintiffs commenced this action for trespass, private nuisance, and de facto taking after defendant replaced a culvert under the road abutting plaintiffs' property, allegedly resulting in increased surface water drainage onto plaintiffs' property. Plaintiffs moved for partial summary judgment on liability, and defendant cross-moved for summary judgment dismissing the complaint. Although Supreme Court properly denied the motion, it erred in granting defendant's cross motion, and we therefore modify the order accordingly.
It is settled law that a property owner, including a municipality, has no right "to collect the surface water from its lands or streets into an artificial channel, and discharge it upon the lands of another" (Noonan v City of Albany, 79 NY 470, 476 [1880]; see Higgins v Village of Orchard Park, 277 AD2d 989, 990 [4th Dept 2000]; M. C. D. Carbone, Inc. v Town of Bedford, 98 AD2d 714, 714 [2d Dept 1983], lv denied 61 NY2d 605 [1984]; Musumeci v State of New York, 43 AD2d 288, 291-292 [4th Dept 1974], lv denied 34 NY2d 517 [1974]). Thus, while a municipality may make improvements to its property, it may be held liable if surface water is drained onto the property of another by means of drains, pipes, or ditches (see Buffalo Sewer Auth. v Town of Cheektowaga, 20 NY2d 47, 51-52 [1967]; Kossoff v Rathgeb-Walsh, 3 NY2d 583, 588-590 [1958]; Kerhonkson Lodge v State of New York, 4 AD2d 575, 578 [3d Dept 1957]).
We conclude that neither party is entitled to summary judgment here because there exist triable issues of fact with respect to each cause of action. Initially, there is an issue of fact on the trespass and de facto taking causes of action whether "the natural contour of [defendant's] property, rather than the improvements made by [defendant] thereto, caused the diversion of surface water onto plaintiff[s'] land" (Mount Zion Ministries Church, Inc. v Hines Color, Inc., 19 AD3d 1060, 1060 [4th Dept 2005], lv denied 5 NY3d 711 [2005]; see Prachel v Town of Webster, 96 AD3d 1365, 1366 [4th Dept 2012]; see also Board of Educ., Union Free School Dist. No. 6 of Town of N. Hempstead v Town of N. Hempstead, 261 App Div 1102, 1102 [2d Dept 1941]). In addition, on those causes of action, there are issues of fact whether the new culvert caused flooding damage to plaintiffs' property and whether defendant's employees physically trespassed onto plaintiffs' property and removed trees. There are also issues of fact whether defendant had a prescriptive easement for drainage of surface water by means of the [*2]culvert and, if so, whether defendant impermissibly expanded the easement by replacing the old culvert, which was 10 inches wide, with the new culvert, which is 15 inches wide (see generally Zutt v State of New York, 50 AD3d 1133, 1133 [2d Dept 2008]; Vinciguerra v State of New York, 262 AD2d 743, 745 [3d Dept 1999]; Town of Hamburg v Gervasi, 269 App Div 393, 394 [4th Dept 1945]). With respect to the private nuisance cause of action, there are triable issues of fact concerning, inter alia, whether the installation of the new culvert caused the damages alleged by plaintiffs and whether defendant acted reasonably in replacing the old culvert with the new culvert (see generally Copart Indus. v Consolidated Edison Co. of N.Y., 41 NY2d 564, 570 [1977], rearg denied 42 NY2d 1102 [1977]; Cangemi v Yeager, 185 AD3d 1397, 1399 [4th Dept 2020]).
Entered: November 20, 2020
Mark W. Bennett
Clerk of the Court