Dodge v Baker (2021 NY Slip Op 02891)





Dodge v Baker


2021 NY Slip Op 02891


Decided on May 7, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, NEMOYER, CURRAN, AND DEJOSEPH, JJ.


64 CA 19-02169

[*1]ROBERT L. DODGE, PLAINTIFF-APPELLANT,
v
ERNEST W. BAKER, JR., AND ANNE L. BAKER, DEFENDANTS-RESPONDENTS. 






MATTHEW R. ST. MARTIN, NEWARK, FOR PLAINTIFF-APPELLANT.


 Appeal from an order of the Supreme Court, Wayne County (Daniel G. Barrett, A.J.), entered November 7, 2019. The order denied the motion of plaintiff for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion in part and granting judgment in favor of plaintiff as follows:
It is ADJUDGED and DECLARED that the fence constructed on defendants' property violates a valid and enforceable restrictive covenant in the deeds to the parties' properties,
and as modified the order is affirmed without costs, and the matter is remitted to Supreme Court, Wayne County, for further proceedings in accordance with the following memorandum: Plaintiff and defendants own adjoining properties in Wayne County with views of Sodus Bay, and those properties can be traced to one original grantor, nonparty Sodus Bay Heights Land Co., Inc. (Land Company). The Land Company created a subdivision and, between the years of 1924 and 1937, it sold numerous parcels in accordance with its planned development. Plaintiff and defendants obtained title to their property through chains of title that date back to owners who purchased their property directly from the Land Company. Both properties are subject to two relevant restrictive covenants that run with the land. The first stated "[t]hat no line fence shall be erected on said lot without the written consent of the [Land Company], or its successors or assigns." The second stated "[t]hat no unnecessary trees or other obstructions shall be permitted on said lot which shall hide the view of other residents in Sodus Bay Heights."
Immediately after purchasing their property, defendants sought to erect a fence on their property line, but plaintiff informed them that such fence was prohibited by the restrictive covenants. Defendants nevertheless obtained a permit from the Village of Sodus (Village) to construct the fence and constructed the fence. Plaintiff thereafter commenced this action seeking, inter alia, a declaration that the restrictive covenants are valid and enforceable and that the fence constructed by defendants is in violation of the restrictive covenants. Plaintiff then moved for summary judgment on the complaint. Supreme Court denied plaintiff's motion, finding that defendants "secured written consent of the successor of the [Land Company]," i.e., the Village and, as a result, complied with the first restrictive covenant. With respect to the second covenant, the court determined that there was a triable issue of fact whether the fence as constructed "hides [plaintiff's] view."
Although we agree with the court that there are triable issues of fact whether the fence hides plaintiff's view, we conclude that plaintiff established as a matter of law that the first restrictive covenant is valid and enforceable and that defendants violated the first restrictive covenant when they constructed the fence without the written consent of the Land Company, or its successors or assigns. We further conclude that defendants failed to raise a triable issue of fact to defeat the motion.
Generally, "[r]estrictive covenants will be enforced when the intention of the parties is clear and the limitation is reasonable and not offensive to public policy" (Chambers v Old Stone Hill Rd. Assoc., 1 NY3d 424, 431 [2004]), and it is well settled that the party seeking to enforce such a restriction "must prove, by clear and convincing evidence, the scope, as well as the existence, of the restriction" (Greek Peak v Grodner, 75 NY2d 981, 982 [1990]). Here, plaintiff established as a matter of law the scope and the existence of a restriction against fences.
Additionally, we agree with plaintiff that the phrase "line fence" is not ambiguous and has a definite meaning (see Fogle v Malvern Courts, Inc., 554 Pa 633, 636, 722 A2d 680, 682 [1999]). We further agree with plaintiff that, even though the Village granted a permit approving the construction of a fence, the issue whether a restrictive covenant may be enforced is separate and distinct from the issue of a municipality's authority to grant a permit under its zoning codes (see Chambers, 1 NY3d at 432; Rautenstrauch v Bakhru, 64 AD3d 554, 555 [2d Dept 2009]). As a result, the only remaining issue is whether the Village was a "successor" of the Land Company with the authority to issue the requisite written consent for a fence.
As noted, the first restrictive covenant in the chain of title for plaintiff's and defendants' properties prohibited line fences "without the written consent of [the Land Company], or its successors or assigns" (emphasis added). In 1967, the Land Company sold its remaining seven parcels to the Village, and the parties dispute whether that deed made the Village a "successor" of the Land Company or simply the owner of the parcels listed in the deed.
In support of his motion, plaintiff submitted the deed from the Land Company and certain individuals to the Village, which "grant[ed] and release[d] unto [the Village], its successors and assigns forever, all that tract or parcel of land . . . bounded and described as follows" (emphasis added). The deed then identifies the seven parcels of land. At the end, the deed provides that it "is intended to convey to the Village . . . all the right, title and interest of [the Land Company] and [certain individuals], sole owners of all the common stock of said corporation at the time of its dissolution."
It is well settled that a clear and complete written agreement should be enforced in accordance with its terms (see generally South Rd. Assoc., LLC v International Bus. Machs. Corp., 4 NY3d 272, 277 [2005]; W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162 [1990]), and deeds must be construed under the same rules as any other contract (see Loch Sheldrake Assoc. v Evans, 306 NY 297, 304 [1954]). Here, the plain language of the deed establishes that the Land Company and certain individuals granted the Village "tract[s] or parcel[s] of land" and all of the "right, title and interest" of the Land Company and the individuals who were shareholders "at the time of [the Land Company's] dissolution" (emphasis added). In our view, plaintiff established that the only reasonable interpretation of the deed is that it transferred only the Land Company's property interests in those seven parcels and did not transfer its corporate identity (see generally Maven Tech., LLC v Vasile, 147 AD3d 1377, 1378 [4th Dept 2017]). Indeed, "a dissolved corporation is precluded from engaging in new business . . . and 'has no existence, either de jure or de facto, except for a limited de jure existence for the sole purpose of winding up its affairs' " (Long Oil Heat, Inc. v Polsinelli, 128 AD3d 1296, 1297-1298 [3d Dept 2015]). Thus, we conclude that plaintiff established as a matter of law that the Village did not become the Land Company's corporate "successor" and, as a result, did not have the independent, contractual right to grant written consent for the fence.
Based on the above, we conclude that plaintiff met his initial burden with respect to the claims that the first restrictive covenant is valid and enforceable and that defendants violated the first restrictive covenant. In opposition, defendants failed to raise a triable issue of fact. As a result, the court erred in denying the motion insofar as it sought summary judgment declaring that the fence constructed on defendants' property violates a valid and enforceable restrictive covenant in the deeds to the parties' properties. We thus modify the order accordingly and remit the matter to Supreme Court for further proceedings concerning any additional appropriate relief to be accorded plaintiff.
Entered: May 7, 2021
Mark W. Bennett
Clerk of the Court