Halaby v Denzak (2022 NY Slip Op 07344)

Halaby v Denzak

2022 NY Slip Op 07344

Decided on December 23, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., NEMOYER, WINSLOW, BANNISTER, AND MONTOUR, JJ.

794.1 CA 21-01120

[*1]SAMUEL A. HALABY, JR., PLAINTIFF-APPELLANT-RESPONDENT,
v
JAMES M. DENZAK AND SARA J. DENZAK, DEFENDANTS-RESPONDENTS-APPELLANTS. 

FRANK A. ALOI, ROCHESTER, FOR PLAINTIFF-APPELLANT-RESPONDENT. 
FINUCANE AND HARTZELL, PITTSFORD (THOMAS CARROLL HARTZELL JR OF COUNSEL), FOR DEFENDANTS-RESPONDENTS-APPELLANTS. 

 Appeal and cross appeal from an order and judgment (one paper) of the Supreme Court, Monroe County (Gail Donofrio, J.), dated May 7, 2021. The order and judgment, among other things, granted in part and denied in part the motion of defendants for a directed verdict dismissing the complaint, and granted plaintiff judgment prohibiting defendants from constructing certain structures on their property. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously modified on the law by vacating the fourth decretal paragraph, granting that part of defendants' motion for a directed verdict with respect to plaintiff's request for injunctive relief enjoining defendants from "constructing, placing, or maintaining any outbuildings such as steel tool sheds, lean-tos, portable or detached garages or the like except as may be permitted by the Uniform Plan of Restrictions" and dismissing the complaint to that extent and as modified the order and judgment is affirmed without costs.
Memorandum: In this action pursuant to RPAPL article 15 seeking enforcement of restrictive covenants, plaintiff appeals and defendants cross-appeal from an order and judgment that, inter alia, denied plaintiff's request for injunctive relief requiring defendants to remove a garden and surrounding fencing from their property, granted plaintiff a judgment barring defendants from "constructing, placing, or maintaining any structure/outbuilding other than pool cabanas and architecturally compatible gazebos" on their property, and denied defendants' motion for a directed verdict with respect to that relief.
Plaintiff and defendants live in the University Park subdivision in Mendon, New York. There are 10 lots in the University Park neighborhood. Each lot consists of approximately three acres of land on the south side of Tennyson Way, where the dwellings are located, and approximately two acres of land on the north side of Tennyson Way. Plaintiff and defendants own adjacent lots. In 1992, Smith-McCall Development, Inc. recorded a Uniform Plan of Restrictions (UPR) relating to the neighborhood, with the stated purpose "to encourage development and maintenance of a fine, suburban residential development in order to promote and provide collective individual ownership benefits." Plaintiff commenced this action to enforce the UPR, claiming that defendants' installation of a fenced garden on the northern portion of their lot and their intended erection of a shed on the southern portion violated the provisions of the UPR.
"Generally, 'restrictive covenants will be enforced when the intention of the parties is clear and the limitation is reasonable and not offensive to public policy' " (Dodge v Baker, 194 AD3d 1348, 1349 [4th Dept 2021], quoting Chambers v Old Stone Hill Rd. Assoc., 1 NY3d 424, 431 [2004]; see Kleist v Stern, 174 AD3d 1451, 1453 [4th Dept 2019]). "[T]he party seeking to [*2]enforce such a restriction 'must prove, by clear and convincing evidence, the scope, as well as the existence, of the restriction' " (Dodge, 194 AD3d at 1349, quoting Greek Peak v Grodner, 75 NY2d 981, 982 [1990]; see Kleist, 174 AD3d at 1453). Inasmuch as "the law has long favored free and unencumbered use of real property, . . . covenants restricting use are strictly construed against those seeking to enforce them" (Witter v Taggart, 78 NY2d 234, 237 [1991]; see Kleist, 174 AD3d at 1453; Ludwig v Chautauqua Shores Improvement Assn., 5 AD3d 1119, 1120 [4th Dept 2004], lv denied 3 NY3d 601 [2004]).
Defendants contend on their cross appeal that Supreme Court erred in concluding that plaintiff established that the restrictive covenant bars defendants from placing any shed on their lot. We agree. With respect to outbuildings, section six of the UPR states that "[n]o structures such as steel tool sheds, lean-to's or mini-barns will be permitted, excepting pool cabanas and/or such architecturally compatible gazebos or such other structure as may be permitted by the undersigned." Here, the court erroneously concluded that section six "does not permit any structure except pool cabanas and/or such architecturally compatible gazebos." In reaching that conclusion, the court relied on the language of section 1 (A) providing that "[n]o structure shall be erected, altered, placed, or permitted to remain on any of said lots other than one single-family dwelling[]." The court's interpretation ignores the language of section six "excepting pool cabanas and/or such architecturally compatible gazebos or such other structure as may be permitted by the undersigned" (emphasis added) from its general prohibition against "structures such as steel tool sheds, lean-to's or mini-barns." There is no basis for interpreting the term "structure" in such a limited manner, particularly considering the use of the word "other," i.e., something differing from either a pool cabana or gazebo. Rather, "a contract must be read as a whole to give effect and meaning to every term" (Maven Tech., LLC v Vasile, 147 AD3d 1377, 1378 [4th Dept 2017] [internal quotation marks omitted]; see Rautenstrauch v Bakhru, 64 AD3d 554, 556 [2d Dept 2009]). Inasmuch as plaintiff did not establish that the restrictions contained in the UPR prohibited defendants from erecting an outbuilding other than a pool cabana or gazebo, plaintiff is not entitled to equitable relief enjoining that action and the court erred in denying defendants' motion for a directed verdict with respect to plaintiff's request to enjoin defendants from erecting such a structure (see Single v Whitmore, 307 NY 575, 582 [1954]; Kleist, 174 AD3d at 1452-1453; cf. Dodge, 194 AD3d at 1349). We therefore modify the order and judgment accordingly.
Further, although we agree with plaintiff that the UPR unambiguously prohibits the fencing surrounding defendants' garden, we reject plaintiff's contention on his appeal that the court erred in granting defendants' motion to dismiss that portion of the complaint seeking injunctive relief requiring defendants to remove the fencing. "[A] party is not automatically entitled to equitable relief when a violation of a restrictive covenant is established" (Kleist v Stern, 187 AD3d 1666, 1667 [4th Dept 2020]). Entitlement to equitable relief "depends on the particular circumstances of each case," and of particular importance is "whether enforcing [a] covenant and restriction would substantially harm the defendant without any substantial benefit to the plaintiff" (id.). The plaintiff must establish irreparable injury and that the balance of the equities weighs in his or her favor (see DiMarzo v Fast Trak Structures, 298 AD2d 909, 910-911 [4th Dept 2002]). Ultimately, "[t]he court has discretion whether to grant an equitable remedy after balancing the equities" (Kleist, 187 AD3d at 1667; see DiMarzo, 298 AD2d at 911). Here, the court properly concluded that the balance of the equities weighed in defendants' favor inasmuch as the record at trial established that defendants were not aware of the restrictions under the UPR, there is no express mention of the UPR in defendants' deed, other lots in the subdivision contained similarly fenced gardens on the north side of Tennyson Way, and "enforcement of the restriction would have little benefit to plaintiff" (Kleist, 187 AD3d at 1668).
We have considered the remaining contentions on plaintiff's appeal and defendants' cross appeal and conclude that none warrants further modification or reversal of the order and judgment.
Entered: December 23, 2022
Ann Dillon Flynn
Clerk of the Court