DMT Mgt., LLC v Haight (2023 NY Slip Op 01402)

DMT Mgt., LLC v Haight

2023 NY Slip Op 01402

Decided on March 17, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, CURRAN, BANNISTER, AND MONTOUR, JJ.

148 CA 22-00928

[*1]DMT MANAGEMENT, LLC, PLAINTIFF-APPELLANT,
v
RICHARD J. HAIGHT, ET AL., DEFENDANTS, GEORGE CHURAKOS AND STEPHANIE CHURAKOS, DEFENDANTS-RESPONDENTS. 

WOODS OVIATT GILMAN LLP, BUFFALO (BRIAN D. GWITT OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
MAGAVERN MAGAVERN GRIMM LLP, NIAGARA FALLS (EDWARD P. PERLMAN OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Niagara County (Frank Caruso, J.), entered November 24, 2021. The order, among other things, directed defendants George Churakos and Stephanie Churakos to pay plaintiff the sum of $9,600 for the land in dispute. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking, inter alia, a judgment directing defendants George Churakos and Stephanie Churakos (Churakos defendants) to remove certain improvements made upon plaintiff's property and permanently enjoining the Churakos defendants from further trespassing upon plaintiff's property. Plaintiff appeals from an order that, inter alia, directed the Churakos defendants to pay plaintiff the sum of $9,600 for the land in dispute. We affirm.
Plaintiff contends that Supreme Court abused its discretion in refusing to issue an injunction directing the Churakos defendants to remove the improvements. We reject plaintiff's contention. In order to obtain injunctive relief directing the removal of an encroachment upon its land, a property owner must "demonstrate not only the existence of the encroachment, but that the benefit to be gained by compelling its removal would outweigh the harm that would result to the defendants from granting such relief" (Marsh v Hogan, 81 AD3d 1241, 1242 [3d Dept 2011] [internal quotation marks omitted]; see Town of Fishkill v Turner, 60 AD3d 932, 933 [2d Dept 2009]). "Whether an injunction [directing the removal of improvements] should issue depends on all the equities between the parties" (Hullar v Glider Oil Co., 219 AD2d 825, 826 [4th Dept 1995]), "with consideration given to factors such as the extent of impairment created by the encroachment, the defendant[s'] hardship in removing the encroachment, whether any alternatives would afford more equitable relief, or whether money damages would have been a just and adequate remedy" (Marsh, 81 AD3d at 1243). "Furthermore, equitable relief may be denied based on the plaintiff's delay in vindicating his or her rights . . . , and based on the defendants' lack of willfulness in creating the encroachment" (id.). "A permanent injunction is an extraordinary remedy to be granted or withheld by a court of equity in the exercise of its discretion . . . Not every apprehension of injury will move a court of equity to the exercise of its discretionary powers. Indeed, [e]quity . . . interferes in the transactions of [persons] by preventive measures only when irreparable injury is threatened, and the law does not afford an adequate remedy for the contemplated wrong" (DiMarzo v Fast Trak Structures, 298 AD2d 909, 910-911 [4th Dept 2002] [internal quotation marks omitted]; see generally Halaby v Denzak, 211 AD3d 1533, 1536 [4th Dept 2022]). Here, plaintiff failed to establish irreparable injury, an inadequate remedy at law, or a balancing of the equities in its favor (see Parry v Murphy, 79 AD3d 713, 715-716 [2d Dept 2010]; Christopher v Rosse, 91 AD2d 768, 769 [3d Dept 1982]; [*2]Lawrence v Mullen, 40 AD2d 871, 871-872 [2d Dept 1972]; see generally EDP Hosp. Computer Sys. v Bronx-Lebanon Hosp. Ctr., 212 AD2d 569, 570 [2d Dept 1995]).
Plaintiff contends in the alternative that the court erred in directing the Churakos defendants to pay plaintiff the sum of $9,600 for the property in question, and that the damages must be set at $100,000. "The appropriate measure of damages is the difference between the value of the plaintiff's property with and without the encroachment" (Generalow v Steinberger, 131 AD2d 634, 635 [2d Dept 1987], appeal dismissed 70 NY2d 928 [1987], lv denied 70 NY2d 616 [1988]; see Parry, 79 AD3d at 716). Although plaintiff and defendant George Churakos entered into an option agreement that gave George Churakos the right to purchase the land in dispute for $100,000, plaintiff offered no evidence at trial that the land was worth that price. We conclude that the court did not err in setting the value of the land at $9,600.
Finally, plaintiff's request for punitive damages is raised for the first time on appeal and is thus not properly before us (see Ciesinski v Town of Aurora, 202 AD2d 984, 985 [4th Dept 1994]).
Entered: March 17, 2023
Ann Dillon Flynn
Clerk of the Court