Whitlock v Town of Romulus (2023 NY Slip Op 03983)

Whitlock v Town of Romulus

2023 NY Slip Op 03983

Decided on July 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, BANNISTER, AND OGDEN, JJ.

168 CA 22-01055

[*1]WALTER H. WHITLOCK, PERSONALLY AND AS ADMINISTRATOR OF THE ESTATE OF STEPHEN E. WHITLOCK, DECEASED, PETER C. WHITLOCK, DAVID R. WHITLOCK, MARTHA W. KOLIOS AND JONATHAN B. WHITLOCK, PLAINTIFFS-APPELLANTS,
v
TOWN OF ROMULUS, BARRY A. SCHNOLL, BETH E. MOSKOW AND CAYUGA EXCAVATING, INC., DEFENDANTS-RESPONDENTS. 

LACY KATZEN LLP, ROCHESTER (JAMES HAROLD KIEBURTZ OF COUNSEL), FOR PLAINTIFFS-APPELLANTS. 
THE CROSSMORE LAW OFFICE, ITHACA (EDWARD Y. CROSSMORE OF COUNSEL), FOR DEFENDANTS-RESPONDENTS BARRY A. SCHNOLL AND BETH E. MOSKOW. 
LIPPMAN O'CONNOR, BUFFALO (MATTHEW J. DUGGAN OF COUNSEL), FOR DEFENDANT-RESPONDENT CAYUGA EXCAVATING, INC. 

 Appeal from an order of the Supreme Court, Seneca County (Jason L. Cook, A.J.), entered May 18, 2022. The order denied the motion of plaintiffs for summary judgment on liability and for injunctive relief. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs and defendants Barry A. Schnoll and Beth E. Moskow own adjoining parcels of lakefront property. Prior to 2016, surface water was discharged across those two properties, from the area above them and down to the lake, in two ways that are presently relevant. One path led surface water through a culvert that ran underneath a cottage on the Schnoll/Moskow property. Another led surface water through a pipe and into a ditch, which was situated near the property line and at least in part on plaintiffs' property.
Although the record is not perfectly clear, in 2016, it appears that defendant Town of Romulus, with some degree of assistance from defendant Cayuga Excavating, Inc. (Cayuga Excavating), capped the culvert running underneath the Schnoll/Moskow cottage and installed a new pipe designed to direct the water that previously ran under the cottage into the ditch near the property line. Cayuga Excavating had initially been hired by Schnoll to perform work unrelated to the culvert under his cottage.
Plaintiffs commenced this action sounding in trespass seeking, inter alia, injunctive relief and damages for the increased water flow in the ditch, which they alleged had caused flooding on plaintiffs' property. Plaintiffs thereafter moved for summary judgment on liability and for injunctive relief. Supreme Court denied the motion, concluding that plaintiffs failed to meet their initial burden on the motion. Plaintiffs appeal, and we affirm.
As an initial matter, by agreeing to withdraw certain photographs attached to the attorney affirmation submitted with their motion papers and the references thereto in the affirmation itself, plaintiffs waived any contention that the court erred in failing to consider those submissions (see [*2]generally Lahren v Boehmer Transp. Corp., 49 AD3d 1186, 1187 [4th Dept 2008]). Based on the content of the order on appeal, it appears that the court properly considered the remainder of the submissions in support of plaintiffs' motion and, in any event, we have considered the remainder of those submissions on this appeal.
We reject plaintiffs' contention, however, that the court erred in its determination that they failed to meet their initial burden on that part of the motion for summary judgment on liability. A party
" 'seeking to recover [from an abutting property owner for the flow of surface water] must establish that . . . improvements on the [abutting property owner's] land caused the surface water to be diverted, that damages resulted[,] and either that artificial means were used to effect the diversion or that the improvements were not made in a good faith effort to enhance the usefulness of the [abutting owner's] property' " (Hanley v State of New York, 193 AD3d 1397, 1397 [4th Dept 2021], lv denied 37 NY3d 915 [2021]; see Prachel v Town of Webster, 96 AD3d 1365, 1366 [4th Dept 2012]; DiMarzo v Fast Trak Structures, 298 AD2d 909, 910 [4th Dept 2002]). We conclude that plaintiffs' own submissions raised triable issues of fact whether the installation of the new pipe caused the damages alleged, which defendants installed any portion of the pipe constituting the alleged trespass, and whether any defendant physically trespassed on plaintiffs' property by installing the pipe (see generally Bono v Town of Humphrey, 188 AD3d 1744, 1745 [4th Dept 2020]; Krossber v Cherniss, 125 AD3d 1274, 1275 [4th Dept 2015]). Because plaintiffs failed to meet their initial burden on the issue of liability, the court properly denied that part of the motion with respect to all defendants " 'regardless of the sufficiency of the opposing papers' " (Paul v Cooper, 45 AD3d 1485, 1486 [4th Dept 2007]; see generally Steven Mueller Motors, Inc. v Hickey, 134 AD3d 1467, 1468 [4th Dept 2015]). Plaintiffs also failed to establish "irreparable injury and an inadequate remedy at law," and we therefore reject plaintiffs' further contention that the court erred in denying the motion insofar as it sought injunctive relief
(DiMarzo, 298 AD2d at 910-911).
Entered: July 28, 2023
Ann Dillon Flynn
Clerk of the Court